IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| TERESA EVERARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | No. 2:07-cv-00083 |
| | ) | JUDGE HAYNES |
| PUTNAM COUNTY SHERIFF'S | ) | |
| DEPARTMENT, PUTNAM COUNTY, | ) | |
| and DAVID K. ANDREWS, in his official | ) | |
| capacity as Putnam County Sheriff, | ) | |
| | ) | |
| Defendants | ) | |

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Rule 11 of the Local Rules of Court, this initial case management order is submitted by the Counsel representing the parties above. Counsel for Plaintiff and Defendants request that this Order be entered into by this Honorable Court.

### I. Jurisdiction and Venue

This court's jurisdiction in this matter is not in dispute amongst the parties.

### II. Parties' Theories of the Case

#### 1. Plaintiff's Theory

Plaintiff is a female employee of Putnam County Sheriff's Department.

1

David Andrews ("Andrews") has been the Sheriff of Putnam County since 2002. As such, he is vested by Putnam County with the authority to hire, fire, promote, demote, and discipline employees of the Putnam County Sheriff's Department, such as Plaintiff.

At all times relevant to Plaintiff's complaint, Andrews was the Sheriff of Putnam County and was Plaintiff's highest ranking supervisor. He was the final decision maker of employment action taken for or against Plaintiff.

Plaintiff was hired in or about July 2001 as an employee of the Putnam County Sheriff's Department.

Throughout her career, Plaintiff has been passed over for promotion to higher ranks in favor of male employees who had less seniority and against whom she was as qualified, if not more qualified.

In addition, throughout her career she has been subjected to cursing, yelling, and derogatory comments towards women by supervisors.

In or about March 2004, Plaintiff reported to her superiors inappropriate conduct between an employee of the Sheriff's Department and inmates housed in the Putnam County jail. This inappropriate conduct was in violation of the policies and procedures of Putnam County which are in place to ensure the safety of inmates housed therein.

In addition, she reported the verbal abuse she was receiving from a supervisor that was derogatory towards women.

Since her reporting, Plaintiff has been subjected to continuing retaliation for her

reporting. Plaintiff has been denied promotions to which she was otherwise qualified, received false write-ups, and poor performance evaluations. This conduct has continued through October of 2007.

In July of 2004, Plaintiff requested to use some of the paid sick time she had accumulated during her employment because of a family member's admission to an intensive care unit. Plaintiff was given the time off but had her pay docked for being absent even though she had accumulated approximately sixty hours of sick time.

In or about November of 2004, four male employees were promoted to the rank of corporal. These were positions that Plaintiff was qualified for but did not receive.

In or about April 2005, Plaintiff was again passed over for promotion to corporal in favor of a male employee against whom she was as qualified, if not more qualified.

In or about May of 2005, Plaintiff was once again passed over for promotion, to sergeant and deputy in favor of two male employees against whom she was a qualified, if not more qualified.

In or about June of 2005, Plaintiff was again passed over for promotion to corporal in favor of a male employee against whom she was as qualified, if not more qualified.

Plaintiff questioned her supervisor about why less qualified male employees, or those she was just as qualified as, were being promoted over her.

In or about February of 2006, Plaintiff was given a poor performance evaluation even though she had a higher quality of performance than her male counter-parts.

After this performance evaluation, Plaintiff filed her EEOC complaint alleging she had been discriminated against in the denial of promotions, performance evaluations, and disciplinary process based upon her gender; and had been subjected to a hostile environment and retaliation because of her complaints.

### 2. Defendants' Theory

The Putnam County Sheriff's Department is not a legal entity that can be sued and they should be dismissed from this case. David K. Andrews in his official capacity is the equivalent of the entity, and is redundant, therefore, he should also be dismissed from this case.

The Complaint fails to state a cause of action for which relief may be granted. It is denied that the Plaintiff was subjected to any discriminatory or abusive conduct that would be actionable. It is averred that her work assignments have been appropriate, and it is denied that there was any discrimination or any unlawful or any actionable conduct for failing to award Plaintiff a promotion or any alternate job assignment. In fact, the Plaintiff has recently been promoted to Corporal.

### III. Schedule of Pretrial Proceedings

#### A. Rule 26(a)(1) Disclosure

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within (30) days from the date of the initial case management conference.

B.  **Meeting of Counsel and Parties to Discuss Settlement Prospects**

Ninety (90) days from the date of the initial case management conference, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

C.  **Other Pretrial Discovery Matters**

As determined at the case management conference on Monday, January 14, 2008, this action is set for trial on _March 3, 2009 @ 9:00 a.m. in Cookeville, TN_

If this action is to be settled, the Law Clerk shall be notified by noon, _February 27, 2009_. If the settlement is reached thereafter resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances.

A pretrial conference shall be held on _February 13, 2009 @ 3:00 p.m. in Cookeville, TN._

5

proposed pretrial order shall be submitted at the pretrial conference.

All discovery shall be completed by the close of business on __10/1/08__. All written discovery shall be submitted in sufficient time so that the response shall be in hand by __10/8/08__. All discovery related statements shall be filed by the close of business on __10/15/08__. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions shall be filed by the close of business on __11/1/08__, and any response thereto shall be filed by the close of business on __11/30/08__. Any reply shall be filed by the close of business on __12/7/08__. Counsel shall email memoranda of law and responses to statements of undisputed facts to the Court's chambers in Megan_Gregory@tnmd.uscourts.gov.

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the

6

discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

The response time for all written discovery and requests for admission is reduced from thirty (30) to twenty (20) DAYS.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 9(a), Local Rules of Court (effective March 1, 1994) shall govern.

By the close of business on _8/1/08_, the plaintiff shall declare to the defendants (not to file with the Court) the identity of his expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

By the close of business on _9/1/08_, the defendants shall declare to the plaintiff (not to file with the Court) the identify of their expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on _9/30/08_. There shall not be any rebuttal expert witnesses.

In order to reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses.

Local Rule I 2(c)(6)(c) (effective March 1, 1994) relating to expert witnesses shall apply in this action, and strict compliance is required.

It is so ORDERED.

7

ENTERED this the ____ day of January, 2008.

_____
JUDGE HAYNES

APPROVED FOR ENTRY:

KELLY, KELLY, & ALLMAN


/s/ Andy L. Allman
ANDY L. ALLMAN, #17857
F. DULIN KELLY, # 4085
CLINTON L. KELLY, #16171
Attorneys for Plaintiff
629 East Main Street
Hendersonville, TN 37075
Telephone: (615) 824-3703
Facsimile: (615) 824-2674


MOORE, RADER, CLIFT
& FITZPATRICK, P.C.

s/ Daniel H. Rader, III,
DANIEL H. RADER, III # 2835
RICHARD LANE MOORE #18815
Attorneys for Defendants
P.O. Box 3347
Cookeville, TN 38502
Telephone: (931) 526-3311
Facsimile: (931) 526-3092